**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

KYNITH UWDIL EL DEY,

                Plaintiff,

      v.

SHERIFF BENJAMIN SITES, et al.,

                Defendants.

CIVIL ACTION NO. 1:25-CV-02175

(MEHALCHICK, J.)

**<u>MEMORANDUM</u>**

Presently before the Court is the complaint of *pro se* Plaintiff Kynith Uwdil El Dey ("El Dey") in which he appears to ask the Court to interfere in, enjoin, and declare void the decisions rendered in the Franklin County Court of Common Pleas related to the foreclosure and sheriff's sale of the property located at 3886 Lincoln Way West, Chambersburg, PA 17202. (Doc. 1). Specifically, El Dey states: "The state-court foreclosure action is VOID AB INITIO" and seeks a temporary restraining order "halting all foreclosure activities" and a judgment that "the state-court judgment is VOID for failure to join an indispensable party" together with money damages. El Dey also filed a separate motion for a temporary restraining order (Doc. 2) and an application to proceed *in forma pauperis* (Doc. 3).

Based on the Court's review of El Dey's application to proceed in District Court without prepaying fees or costs, his motion for leave to proceed *in forma pauperis* (Doc. 3) is

**GRANTED** and the complaint is deemed filed.[1] However, the statutorily mandated screening of the complaint, conducted in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii), results in a finding that El Dey fails to state a claim upon which relief may be granted and thus, the complaint will be **DISMISSED WITH PREJUDICE.**

## I.   SECTION 1915(E)(2) STANDARD

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court is statutorily required to review the complaint of a plaintiff proceeding *in forma pauperis* prior to service of process. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see generally Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 587–89 (W.D. Pa. 2008) (summarizing prisoner litigation screening procedures and standards). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule

---

[1] The Court notes that El Dey neglected to sign the motion in the appropriate place; however, given this Court is dismissing this matter for lack of jurisdiction, it will not delay the matter further by requiring a signed affidavit at this juncture. El Dey is advised that should he file another such motion in Court, in this case or any other matter, the form must be signed as required.

12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts, Ltd.*, 551 U.S. 308, 322 (2007). Further, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002)

## II.  DISCUSSION

This Court does not have jurisdiction to hear this matter. (Doc. 1). It is readily apparent that El Dey is asking this Court to interfere with a state court action, seeking to halt all foreclosure activities in the Franklin County Court of Common Pleas, and declare the state court judgment void. (Doc. 1). The Court does not have jurisdiction to do so.

"The *Rooker-Feldman* doctrine bars federal district courts from hearing cases 'that are essentially appeals from state-court judgments.'" *Jorgenson v. United States*, No. CV 23-473, 2023 WL 2415885, at *2 (E.D. Pa. Mar. 6, 2023) (quoting *Nest v. Nationstar Mortg.*, LLC, No. 16-4282, 2016 WL 4541871, at *2 (D.N.J. Aug. 31, 2016) (citing *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010)). A federal court typically has no jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-

court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 285 (2005); *Great W. Mining & Mineral Co.*, 615 F.3d at 166; *see also Doncheva v. Citizens Bank of Pennsylvania*, 820 F. App'x 133, 135-36 (3d Cir. 2020). The doctrine applies when: "(1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by [the] state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Mineral Co.*, 615 F.3d at 166.

The applicability of the *Rooker-Feldman* doctrine is plain from the face of the instant complaint. First, El Dey clearly lost in state court, admitting that there is a state court judgment in foreclosure, and asking this Court to determine that it is void due to the "failure to join an indispensable party." (Doc. 1, at 4). The second element of the *Rooker-Feldman* analysis, which requires a showing of injury, is also easily met. Based on the Court's interpretation of the complaint, El Dey alleges he was injured by the foreclosure judgment because he will lose any purported interest in the property. (Doc. 1). The third element, that the state court issued its decisions before the federal lawsuit was filed, is also met. Though it is unclear of the exact date of the foreclosure judgment, it is clear from the complaint that this lawsuit was filed after and in response to the challenged state court decisions. Finally, the last *Rooker-Feldman* element is met because, El Dey is inviting this Court to void the foreclosure judgment. (Doc. 1). El Dey's complaint is a clear attempt to invite the district court to review

and reject the state judgments.[2] (Doc. 1). As all four elements are met, the *Rooker-Feldman*

doctrine applies and bars this Court's review of El Dey's claims related to the judgment in

foreclosure in this case.

To the extent that El Dey is asking this Court to enjoin ongoing foreclosure activities,

including any sheriff's sale of the property, under the doctrine of *Younger* abstention, federal

courts are prevented from enjoining pending state proceedings absent extraordinary

circumstances.[3] *Gray v. Pagano*, 287 Fed. App'x 155, 157, 2008 WL 2816087, at *1 (3d Cir.

2008); citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 437, 102

S.Ct. 2515, 73 L.Ed.2d 116 (1982). A court may properly invoke *Younger* abstentions where

(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings

implicate important state interests; and (3) the state proceedings afford an adequate

opportunity to raise federal claims. *Gray*, 287 Fed. App'x at 157; citing *Schall v. Joyce,* 885

F.2d 101, 106 (3d Cir.1989). These requirements are met here. El Dey's complaint appears to

---

[2] The Court notes the Third Circuit's non-precedential decision in *Stacey v. of Hermitage* 178 F. App'x 94 (3d Cir. 2006). In *Stacey*, plaintiffs filed suit against various state actors after their house was demolished. 178 F. App'x at 98. On remand from the United States Supreme Court, the Third Circuit held that the *Rooker-Feldman* doctrine did not preclude plaintiffs' claims because "[t]he Staceys do not invite the District Court to review and reverse the unfavorable state-court judgment. Instead, they seek to litigate in federal court claims that may have been previously litigated in state court or are related to their earlier litigation in state court." 178 F. App'x at 99. This case is distinguishable, as El Dey is clearly asking this Court to this Court both "to review and reverse the unfavorable state-court judgment." *Stacey*, 178 F. App'x at 99.

[3] The four exceptions are met when: (1) irreparable injury is both great and immediate; (2) the state law is flagrantly and patently violative of express constitutional prohibitions; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances call for equitable relief. *Gray*, 287 Fed. App'x at 158; citing *Mitchum v. Foster,* 407 U.S. 225, 230, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972) (*citing Younger v. Harris,* 401 U.S. 37, 46–54, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)). None of these exceptions are present in this case.

allege that the foreclosure proceedings or sheriff's sale proceedings may be ongoing, or have not yet become final, either at the Franklin Court of Common Pleas or in the state appellate courts. The third prong is met as Pennsylvania's appellate courts are an adequate forum for review of El Dey's claims here. Finally, the second prong is met, as neither injunctive nor declaratory relieve is available where a judgment by this Court "would render the state courts orders or judgments nugatory." *Gray*, 287 Fed. App'x at 157; citing *Schall*, 885 F.2d at 108.

A federal court can only exercise subject matter jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States," or civil actions wherein there is diversity of citizenship between the parties and the matter in controversy exceeds $75,000.00. 28 U.S.C. § 1331; 28 U.S.C. § 1332; *see Johnson v. Mercy Behav. Health*, No. CV 20-903, 2020 WL 3402429 (W.D. Pa. June 19, 2020) (dismissing a *pro se* complaint under 28 U.S.C. § 1915(e)(2) where the plaintiff failed to allege the district court had jurisdiction over the matter). Although El Dey attempts to frame his claim as a constitutional violation, it is evident that he is seeking this Court's interference in either an unfavorable state court judgment or ongoing foreclosure proceedings. Accordingly, as it stands, under both the *Rooker-Feldman* and *Younger* abstention doctrines, El Dey's complaint fails to sufficiently allege this Court's jurisdiction to hear this case and thus a claim upon which relief may be granted.

While the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile, it is clear in this case that amendment would be ineffective to cure the deficiencies noted by the Court. *Grayson v. Mayview State Hosp.,* 293 F.3d 103 (3d Cir. 2002). Leave to amend will be denied.

III.    **CONCLUSION**

For the foregoing reasons, El Dey's motion to proceed in forma pauperis is **GRANTED** and his complaint is to be **DEEMED FILED**. As this Court does not have jurisdiction over El Dey's claims, the complaint is **DISMISSED WITH PREJUDICE**, and without leave to amend. The Clerk of Court is to mark this action **CLOSED**. An appropriate Order will follow.

**BY THE COURT:**

*s/ Karoline Mehalchick*

**KAROLINE MEHALCHICK**
**United States District Judge**